UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:19-cv-01106-JAK (SHK) | Date: | June 21, 2019 |
| Title: | *Robert Harold McKinney v. Christian Pfeiffer* | | |

Present: The Honorable Shashi H. Kewalramani, United States Magistrate Judge

| D. CASTELLANOS | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why This Action Should Not be Dismissed As Untimely

### I. SUMMARY

Petitioner Robert Harold McKinney ("Petitioner"), proceeding in forma pauperis and pro se, signed and subsequently filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "Pet.") pursuant to 28 U.S.C. § 2254. Electronic Case Filing Number ("ECF No.") 1, Pet. The Petition was originally mailed on March 31, 2019 and was subsequently received by the Ninth Circuit Court of Appeals. Id. at 1. That court transferred the matter to this Court on June 14, 2019. ECF No. 2, Order of Transfer. The Petition, as best as can be understood, sets forth the following grounds for habeas relief: (1) Sixth Amendment confrontation clause; (2) Due Process right to fair trial; (3) Due Process – error in denying motion to suppress; (4) Fundamental miscarriage of justice; and (5) Felony Murder Rule (collectively, the "Habeas Grounds"). ECF No. 1, Pet. at 3. In support of the Habeas Grounds, Petitioner cites to Senate Bills 1437, 1393, 1392, 1279; Penal Code 1170.18(a); the Sixth Amendment; and People v. Sumstine, 36 Cal.3d 909 (1984) and Gonzales v. State of California, 68 Cal.App.3d 621 (1977). Id. at 4.

Petitioner states that none of these grounds were raised or ruled upon by the state court. Id. Based on this Court's review of the docket, however, there was a direct appeal to the California Supreme Court, which was denied on June 26, 2013 and was assigned case number S210241.

A bigger issue appears to be whether the current habeas petition was filed in a timely manner. As explained in more detail below, the Petition appears untimely because it was filed well after the one-year deadline under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). However, before this Court makes a final decision whether the matter can go forward, this Court will give Petitioner an opportunity to provide any information he may have regarding exhaustion and the timely filing of this Petition. Therefore, this Court issues this Order to Show Cause ("OSC") why this action should not be dismissed as untimely. Petitioner's response is required no later than **July 22, 2019**.

## II. BACKGROUND

### A. State Court Proceedings

A summary of the trial proceedings in the San Bernardino County Superior Court is set forth in the unpublished Court of Appeal opinion in this matter. People v. McKinney, Case No. E05322, 2013 WL 1281559 (Cal. Ct. App. March 29, 2013). The Court of Appeal provided as follows:

> Defendant's first two trials resulted in hung juries. In his third trial, the jury found defendant guilty on one count of first degree murder (Pen. Code, §§ 187, subd. (a), 189) and one count of willful, deliberate, and premeditated attempted murder (Pen. Code, §§ 187, subd. (a), 664, subd. (a)). On both counts, the jury found a firearm enhancement (Pen. Code, § 12023.53, subds. (c) [as to attempted murder] & (d) [as to murder]) and a gang enhancement (Pen. Code, § 186.22, subd. (b)) true.
>
> Defendant was sentenced to a total of 85 years to life in prison, plus the usual fines and fees.
>
> Defendant now contends that:
> 1. The trial court erred by admitting the surviving victim's identification of him as the shooter, because it was the product of an impermissibly suggestive identification process.
> 2. The trial court erred by finding that Thompson was unavailable.
> 3. The trial court erred by admitting Thompson's statement to the Louisiana police, because it was coerced.
> 4. The trial court erred by admitting printouts of what was allegedly defendant's MySpace page.
> 5. There was insufficient evidence of the "primary activities" element of the gang enhancements.
>
> We find no error. Hence, we will affirm.

Id. at *1; see also ECF No. 1, Pet. at 1-2.

Because the Court may review and consider the information from official websites regarding the status of Petitioner's state court matters, the Court takes judicial notice of the California Court docket pertaining to Petitioner. See Fed. R. Evid. 201 (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); Harris v. Cty. of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records). As a result, and after reviewing the California court's website, Petitioner's Court of Appeal proceeding was completed on March 29, 2013, in case number E053233, arising from trial court case number FSB701325 ECF No. 1, Pet. at 1-2. A petition for review was filed with the California Supreme Court on April 26, 2013, and that court denied review on June 26, 2013, in case number S210241. See https://appellatecases.courtinfo.ca.gov/.

There is no indication that Petitioner later filed any court cases on direct appeal to the United States Supreme Court or any habeas petitions.

### B. Federal Court Proceedings

On March 31, 2019, Petitioner constructively filed the current Petition, proceeding pro se, and asserted the previously described Habeas Ground. See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (noting that under the "mailbox rule," which allows the Court to determine that when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed). Though Petitioner originally filed it with the Ninth Circuit, that court transferred the matter to this Court on June 14, 2019. ECF No. 2, Order of Transfer.

The docket does not show that Petitioner has filed the necessary papers to proceed without paying the filing fees. Petitioner is, therefore, ordered to fill out and submit the attached forms and provide the necessary information to claim in forma pauperis status if he wishes to proceed in this matter.

### III. DISCUSSION

Because the Petition was filed after the President signed into law the AEDPA, it is subject to the AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Campbell v. Henry, 614 F.3d 1056, 1058 (9th Cir. 2010). 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

### A. Unless A Basis For Tolling The Statute Existed, Petitioner's Last Day To File His Federal Habeas Petition Was September 24, 2014.

As noted, Petitioner appears to have appealed his California Court of Appeal ruling to the California Supreme Court and that court denied review on June 26, 2013. Petitioner then had 90 days to file a request for a writ of certiorari with the United States Supreme Court, Sup. Ct. R. 13, which he did not appear to do. Therefore, the AEDPA one-year statute of limitations began to run on September 24, 2013 and, absent the application of an alternate start date under § 2244(d)(1) or sufficient statutory or equitable tolling, the limitations period expired one year later, on September 24, 2014. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, Petitioner's conviction became final on September 24, 2013, and, under AEDPA, he had until September 24, 2014 to file his federal petition for habeas review.

Specifically, Petitioner does not appear to contend that he is entitled to a later trigger date under 28 U.S.C. § 2244(d)(1)(B) or (C), and the Court has no information to find that either of those bases would apply. There is no indication that Petitioner was impeded from filing his federal petition by unconstitutional state action and is thereby entitled to a later trigger date under § 2244(d)(1)(B).

Moreover, it does not appear that Petitioner has a basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because his claims are based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, for purposes of § 2244(d)(1)(D), the statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (citation omitted). Here, Petitioner's claims are not based on facts of which petitioner was unaware, or which could not have been discovered through the exercise of due diligence prior to the date his conviction became final.

Consequently, Petitioner's conviction became final on September 24, 2013 and the limitations period expired one year later on September 24, 2014. Petitioner did not constructively file his Petition until March 31, 2019. Thus, absent tolling, the Petition is untimely by over four years.

The burden of demonstrating that the AEDPA's one-year limitations period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). For the reasons discussed below, the

Petitioner would need to provide information showing that he was entitled to tolling, or a delay, under another party of AEDPA.

### B.     Petitioner Does Not Appear Entitled to Statutory Tolling.

Section 2244(d)(2) of Title 28 of the United States Code provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Here, the Court is not aware of any information from Petitioner's filings or the Court's independent review of the various state and federal docketing websites that would show that Petitioner will be able to meet his burden of establishing entitlement to any statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2) because there do not appear to be any state or federal habeas petitions filed after June 26, 2013. Once the limitations period had lapsed by the September 24, 2014, it could not be reinitiated. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Accordingly, it does not appear Petitioner will be entitled to statutory tolling.

### C.     Petitioner Does Not Appear Entitled To Equitable Tolling.

Another way to extend the AEDPA deadline to file a federal habeas petition is called equitable tolling. See Holland v. Florida, 560 U.S. 631, 634 (2010) (holding "that the timeliness provision in the federal habeas corpus statute is subject to equitable tolling"). In order to qualify for this type of tolling, or delay, Petitioner must show two things: "(1) [T]hat [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418; see also Holland, 560 U.S. at 649 (applying Pace standard). Additionally, "the prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted); see also Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (quoting Spitsyn). Claims of equitable tolling are difficult to be successful on because they are construed narrowly by the courts, and "[t]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (citation omitted).

Here, at this point, there is no indication that the AEDPA one-year statute of limitations would be delayed on this basis, but the Court gives Petitioner an opportunity to provide any information in this regard before making a final decision on equitable tolling.

### IV. ORDER

Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed for being untimely by filing a written response **no later than July 22, 2019.**

**The Court warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders.  See Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record as well as documents necessary to petition the Court to proceed in forma pauperis.**

**IT IS SO ORDERED.**